

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRIBUNE COMPANY, a Delaware Corporation, ) ) ) Plaintiff, ) ) v. ) ) SWISS REINSURANCE AMERICA, ) CORPORATION, a New York Corporation, ) ) Defendant. ) ) ———————————————————) SWISS REINSURANCE AMERICA ) CORPORATION, a New York Corporation, ) ) v. ) ) TRIBUNE COMPANY, a Delaware ) Corporation, ) ) Counter-Defendant, ) ) and ) ) M. DIANE KOKEN, Insurance Commissioner ) of the Commonwealth of Pennsylvania as ) Liquidator of Reliance Insurance Company ) (In Liquidation), ) ) Third-Party Defendant. ) | No. 02 C 4772<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Reliance Insurance Company contracted with Tribune Company's predecessor to provide coverage for certain workers' compensation claims. Reliance, which is now in liquidation proceedings in Pennsylvania, has stopped paying on Tribune's claims. Tribune contends, for a variety of reasons, that Swiss Reinsurance America Corporation ("Swiss Re"), which is denominated

as Reliance's reinsurer, is liable for the unpaid claims. It has sued Swiss Re for breach of contract, declaratory judgment and unjust enrichment. Swiss Re, in turn, has filed an interpleader claim against Tribune and M. Diane Koken ("the Liquidator") asking the Court to determine which of those parties is entitled to the proceeds of the purported reinsurance agreement between Reliance and Swiss Re.

The case is before the Court on the Liquidator's motion to dismiss or stay in favor of the Pennsylvania liquidation proceedings or, in the alternative, to compel arbitration. For the reasons set forth below, the motion to stay is granted and the motion to compel arbitration is dismissed as moot.

## Discussion

The Liquidator contends that the Court should abstain from exercising its jurisdiction over this case pursuant to *Burford v. Sun Oil Company*, 319 U.S. 315 (1943). *Burford* abstention is appropriate, the Supreme Court has said, when a federal case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar" or when "the exercise of federal review of the question in a case . . . would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 361 (1989) (internal quotation marks and citation omitted) ("*NOPSI*"). In the Liquidator's view, our resolution of this case would disrupt the State of Pennsylvania's scheme for the fair and orderly liquidation of insolvent insurers. Thus, she says, *Burford*, and the principles of comity underlying it, counsel our restraint.

There are two prerequisites to *Burford* abstention: (1) "the state must offer some forum in which claims may be litigated; and (2) "[the] forum . . . must stand in a special relationship of technical oversight or concentrated review to the evaluation of those claims." *Property & Cas. Ins. Ltd. v. Cent. Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991). Both are met in this case. The Pennsylvania state court, which is vested with the responsibility to oversee Reliance's liquidation, *see* PA. CONS. STAT. § 221.4(d), is available, even eager, to litigate these claims.

The fact that a specialized, state forum exists, however, does not mean that abstention is appropriate. On the contrary, the Supreme Court has emphasized that abstention is "the exception, not the rule." *NOPSI*, 491 U.S. at 359 (internal quotation marks and citation omitted). To determine whether this is case falls into that exception, we must consider the following:

> First, is the suit based on a cause of action that is exclusively federal? Second, does the suit require the court to determine issues that are directly relevant to state policy in the regulation of the insurance industry? Third, do state procedures indicate a desire to create special state forums to regulate and adjudicate these issues? Fourth, are difficult or unusual state laws at issue?

*Hartford Cas. Ins. Co. v. Borg-Warner Corp.*, 913 F.2d 419, 425 (7th Cir. 1990). Three of those four factors favor abstention.

To start, this case revolves around state-law claims. Specifically, Tribune asks the Court to hold Swiss Re liable under agency and contract principles for the workers' compensation claims Reliance agreed to insure. The absence of any federal question weighs in favor of abstention. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983) ("[T]he presence of federal-law issues must always be a major consideration weighing against [abstention]").

Secondly, resolution of this suit will require the Court to determine an issue that is directly relevant to the liquidation proceeding: whether the purported reinsurance proceeds held by Swiss

3

Re are assets of the Reliance estate. Though that is not the issue Tribune presents for resolution, it is an inevitable by-product of a decision on its claims. If the Reliance/Swiss Re agreement is a reinsurance contract, as Swiss Re contends, the proceeds are an asset of the Reliance estate. *See* 40 PA. CONS. STAT. §§ 221.3, 221.20, 221.34. If, as Tribune contends, it is not, then the proceeds belong to Tribune. Either way, this Court's characterization of the agreement will impinge on the liquidation court's mandate to marshal the assets of the insolvent insurer.

The third factor also favors abstention. The McCarron-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, vests the states with the primary power to regulate the insurance industry. Pursuant to that authority, Pennsylvania has devised a detailed set of procedures governing the rehabilitation and liquidation of insolvent insurers. *See* 40 PA. CONS. STAT. §§ 221.1-221.63. That statutory scheme is a clear indication of the State's intent to be the exclusive arbiter of cases involving insolvent insurers.

The only *Hartford* factor that does not militate in favor of abstention is the last one. Though this case will impact the Reliance liquidation proceedings, it does not require the application of any unusual or esoteric state laws. Rather, Tribune's claims implicate ordinary contract and agency principles that are well within this Court's grasp.

The factors enumerated by the *Hartford* court are not exclusive, however, *see Hartford*, 913 F.2d at 425, and there is another factor in this case that weighs against abstention: the Liquidator's conduct. The Liquidator learned about this suit less than one month after it was filed in 2002. (*See* Swiss Re's Mot. Dismiss Failure Join Indispensable Party, Ex. G, Robinson Aff. ¶ 4.) Yet, she declined to take any action in this suit, a display of indifference that greatly informed the Court's decision to deny Swiss Re's motion to dismiss for failure to join her as a party. (*See* 9/30/03 Mem. Op. & Order at 9-13.) For nearly two years, this case progressed without any objection from the

Liquidator. Only now, when the parties and the Court have invested considerable time and resources in the litigation, does the Liquidator see fit to object.

Though inexplicable, the Liquidator's delay is not dispositive. This case is still in discovery and has not been scheduled for summary judgment or trial. Thus, the delay, though not laudable, is not, by itself, sufficient justification for denying the motion. *Cf. Mazanec v. N. Judson-San Pierre Sch. Corp.*, 763 F.2d 845, 846-49 (7th Cir. 1985) (reversing district court's decision to abstain after case was tried).

Moreover, the decision to abstain should not be animated by the conduct of one government official but by the principles of comity. In the words of the Supreme Court:

> "Few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies, whether the policy relates to the enforcement of the criminal law, or the administration of a specialized scheme for liquidating embarrassed business enterprises, or the final authority of a state court to interpret doubtful regulatory laws of the state. These cases reflect a doctrine of abstention appropriate to our federal system, whereby the federal courts, exercising a wise discretion, restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary. This use of equitable powers is a contribution of the courts in furthering the harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers."

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717-718 (1996) (quoting *R.R. Comm'n of Tex. v. Pullman*, 312 U.S. 496, 500-501 (1941) (internal quotation marks and citations omitted)). Such considerations routinely lead judges in this district to abstain from cases involving insolvent insurance companies. *See, e.g., Mondrus v. Mut. Benefit Life Ins. Co.*, 775 F. Supp. 1155, 1158 (N.D. Ill. 1991) (abstaining from insured's breach of contract claim against insolvent insurer); *Gerling-Konzern Globale Rueckversicherungs AG v. Selcke*, No. 93 C 4439, 1993 WL 443404, at *2-3 (N.D. Ill. Oct. 29, 1993) (declining to exercise jurisdiction over case brought against insolvent insurer by reinsurer seeking to compel arbitration of their disputes).

But the plaintiffs in those cases were suing the insolvent insurer directly. As Tribune points out, the link to the insurer in this case is more tenuous. The Liquidator is a party only by way of interpleader and, as we noted in our opinion denying Swiss Re's motion to dismiss, no decision in this case will divest Reliance of an existing asset. (*See* 09/30/03 Mem. Op. & Order at 14.) In Tribune's view, those facts are sufficient to defeat the abstention motion.

The Court disagrees. Though Tribune does not seek a judgment against Reliance, resolution of this suit still has the potential to dissipate the Reliance estate. The practical effect of a determination that the Reliance/Swiss Re agreement is not a reinsurance contract is to remove the proceeds of that agreement from the Reliance asset pool. As our court of appeals has noted, decreasing the assets available for distribution to Reliance's creditors is no less intrusive on the liquidation process than entering a judgment against the insurer:

> One could argue that a federal court action in which the bankrupt insurer is interpled is less intrusive on the state liquidation proceedings than a direct claim against the assets of the insurer. . . . If the court decides in such a case that the [Liquidator] is not entitled to the fund, it could be said that the interests of the defunct insurer were never threatened by the federal court action since the insurer was never entitled to the funds in the first place. In other words, it seems that an interpleader action does not necessarily impinge upon the liquidation proceeding because it does not involve taking an existing asset of the insurer. Instead, it offers the [Liquidator] the possibility of obtaining an asset which is not yet the insurer's.
>
> We are doubtful that any distinction between existing assets of the insurance company, over which litigation must be carried out in a state-created liquidation process, and possible claims of the company to assets in the hands of others, over which litigation can proceed in any federal district court, can be supported. The [Liquidator] is empowered to collect as well as distribute assets of the defunct insurance company. . . . The extent to which the Superintendent is able *to collect* thus affects the degree to which the insolvent insurer's estate will have assets sufficient to satisfy the claims of its creditors.

*Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 709 (7th Cir. 1991) (internal quotation marks and citation omitted).

6

On balance, the Court is persuaded that abstention is the proper course in this case. Abstaining will not deprive Tribune of a forum for its state-law claims and will respect the State of Pennsylvania's prerogative to oversee the liquidation of Reliance. Moreover, though its timing is hardly ideal, the motion does not come so late in the day that the delay alone is justification for its denial. Accordingly, the Court will abstain from exercising its jurisdiction over this case until the state liquidation proceedings on Tribune's claims have concluded.[1]

## Conclusion

For all of the reasons stated above, the Liquidator's motion to stay or dismiss [doc. no. 55] is granted. The Court stays this proceeding pending the Pennsylvania state court's resolution of Tribune's claims. The parties are ordered to appear before the Court within thirty days of the conclusion of the liquidation court's proceedings on Tribune's claims. The Liquidator's motion to compel arbitration [doc. no. 54] is dismissed as moot.

**SO ORDERED**  **ENTERED:** 3/21/05

HON. RONALD A. GUZMAN
**United States District Judge**

---

[1] Given the Court's resolution of the abstention issue, we need not address the other arguments raised by the Liquidator.

7